UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ASHLEY ADAMS BOWMAN,**     Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1648** |
| **AGENT ALLIANCE INSURANCE COMPANY,**     Defendant | **SECTION: "E" (2)** |

### ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Defendant, Agent Alliance Insurance Company ("Agent Alliance"), pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Plaintiff Ashley Adams Bowman opposes the Motion.[2] Agent Alliance filed a reply.[3]

### BACKGROUND

Plaintiff Ashley Adams Bowman alleges that she owned, as a mortgagor, immovable property at 70319 L Street in Covington, Louisiana.[4] Plaintiff alleges that Agent Alliance issued a policy of insurance over the property that is the subject of the instant suit.[5] Plaintiff alleges that her property was severely damaged by Hurricane Ida.[6] She alleges that an adjuster on behalf of Agent Alliance inspected the property, adjusted the loss, and determined that she was not entitled to any compensation.[7] Plaintiff alleges that, as a result of Agent Alliance's failure to provide coverage for her losses under the

---

[1] R. Doc. 6.
[2] R. Doc. 8.
[3] R. Doc. 9.
[4] *See* R. Doc. 1-1, p. 1 (Petition for Damages).
[5] *Id.*
[6] *See id.*
[7] *See id.* at p. 2.

contract, she has been unable to conduct repairs on her property, causing the value of the property to diminish.[8]

On August 14, 2023, Plaintiff filed a Petition for Damages against Agent Alliance in Civil District Court for the Parish of St. Tammany,[9] alleging that Agent Alliance failed to compensate Plaintiff for losses, such as lost contents, fair rental value, additional living expenses, loss of use, and evacuation expenses.[10] Plaintiff asserts claims for breach of insurance contract in violation of La. R.S. 22:1892 and violation of the duties of good faith and fair dealing pursuant to La. R.S. 22:1973.[11] Plaintiff alleges that, because Agent Alliance has failed to compensate Plaintiff for her damages after receipt of satisfactory proof of loss, Agent Alliance is liable to Plaintiff for penalties, attorney's fees, and costs pursuant to these Louisiana statutes.[12]

On June 27, 2024, Agent Alliance timely removed the case to this Court.[13] On August 26, 2024, Agent Alliance filed the instant Motion to Dismiss pursuant to Rule 12(b)(6).[14] Agent Alliance argues that Plaintiff fails to state a claim upon which relief can be granted because she is not a named insured, additional insured, or a third-party beneficiary under the insurance contract.[15]

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief may be granted if the plaintiff

---

[8] *Id.*
[9] *See generally* R. Doc. 1-1.
[10] *Id.* at p. 2.
[11] *Id.*
[12] *Id.* at p. 3.
[13] *See generally* R. Doc. 1.
[14] R. Doc. 6.
[15] *Id.* at p. 1.

has not set forth factual allegations in support of his claim that would entitle him to relief.[16] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[17] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] The Court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[19] Indeed, "threadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[20]

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[21] However, "legal conclusions can provide the framework of a complaint, [if] they [are] supported by factual allegations."[22] "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[23] "Although detailed factual allegations are not required," "[d]ismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[24] Whether a plaintiff "will be able to offer

---

[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[18] *Id.*
[19] *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[20] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[21] *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).
[22] *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.
[23] *Iqbal*, 556 U.S. at 679.
[24] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (citations omitted).

sufficient proof to support [his or her] claims is more appropriate in the context of a motion for summary judgment or a trial on the merits" rather than in a motion to dismiss.[25] "[I]ntensive disputes of material fact . . . are usually more appropriate for summary judgment . . . ."[26]

A court may also consider documents outside the pleadings if they fall within three categories. First, "[a] court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"[27] Under Rule 201 of the Federal Rules of Evidence, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[28] Moreover, "[t]he court may take judicial notice on its own."[29] Second, "[a] written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding."[30] Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'"[31] A court may also consider matters of the public record on a motion to dismiss.[32]

---

[25] *Smith v. GE Healthcare, Inc.*, No. 3:19-CV-00492, 2019 WL 4565246, at *7 (W.D. La. Sept. 4, 2019).
[26] *Dong Phuong Bakery, Inc. v. Gemini Soc'y, LLC*, No. CV 21-1109, 2022 WL 898750, at *5 (E.D. La. Mar. 28, 2022).
[27] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).
[28] FED. R. EVID. 201(b)(2).
[29] FED. R. EVID. 201(c)(1).
[30] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).
[31] *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)).
[32] *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

## **LAW AND ANALYSIS**

In the motion to dismiss, Agent Alliance argues that Plaintiff "lacks contractual standing to bring suit to enforce the subject lender-placed insurance policy because she is not a named insured, additional insured, or third-party beneficiary" to the contract.[33] Agent Alliance argues that the named insured under the policy is Citizen Savings Bank, and Plaintiff is only listed as the borrower under the policy.[34] Agent Alliance argues that the insurance policy was purchased by the lender, Citizen Savings Bank, "to protect its own interest in the property as collateral for the loan, because Plaintiff failed to provide the lender with evidence that she had purchased her own adequate property insurance."[35] Agent Alliance argues that this "lender-placed" policy is intended to protect the lender's interest rather than the borrower's, and it does not provide coverage for categories like loss of use, living expenses, property contents, and the like that a typical homeowner's insurance policy would provide.[36]

Agent Alliance argues that, for Plaintiff to otherwise have contractual standing to sue, Plaintiff must prove she is a third-party beneficiary to the contract, or a *stipulation pour autrui* under Louisiana law.[37] Agent Alliance argues that numerous district courts have held that "being listed on the policy as the borrower and/or paying premiums through escrow with the lender is insufficient to find a third-party beneficiary relationship in favor of the borrower on a lender-placed policy."[38] Agent Alliance argues that policy language providing payment to the borrower when the amount of loss is in excess of the

---

[33] R. Doc. 6-1, p. 4.
[34] *Id.*
[35] *Id.* at p. 8.
[36] *Id.*
[37] *Id.* at pp. 8-9.
[38] *Id.* at pp. 9-11 (citing *Gary v. Am. Sec. Ins. Co.*, No. 21-0706, 2021 WL 2143061 (W.D. La. May 5, 2021); *Williams v. Integon Nat'l Ins. Co.*, No. 23-5977, 2024 WL 2784836 (E.D. La. May 30, 2024)).

mortgage balance does not clearly indicate that the parties to the contract sought to benefit a third-party.[39] Further, Agent Alliance argues that, because Plaintiff failed to state a claim under the contract, she fails to state a claim for bad faith breach of contract under La. R.S. 22:1973 or 22:1892.[40]

In opposition, Plaintiff argues that the language of the policy "demonstrates that the Plaintiff . . . as the borrower/mortgagor is intended to be insured under the policy or is a third-party beneficiary."[41] First, Plaintiff argues that several provisions in the insurance policy "impl[y] that it provides coverage to her, not just the mortgage company."[42] Plaintiff argues that "the Policy does not state that suit can only be filed by a named insured, additional insured or intended third-party beneficiary, nor does it specifically state that the mortgagor . . . is not a named insured or an additional insured under the policy."[43] Second, Plaintiff argues that several provisions in the insurance contract show that she is an intended third-party beneficiary under the policy.[44] Plaintiff directs the Court to *Lee v. Safeco Insurance Co.*, which held that a mortgager was a third-party beneficiary under a contract when the policy provided that the portion of loss exceeding the value of the mortgage company's interest in the property would be paid to the mortgager.[45] Plaintiff argues that, because the policy language in *Lee* is comparable to the policy language in the Agent Alliance insurance contract, this Court should find that the Plaintiff is a third-party beneficiary to the policy.[46] Finally, Plaintiff states that, to the

---

[39] *Id.* (citing *In re Katrina Canal Breaches Litig.*, No. 05-4182, 2010 WL 11541602, (E.D. La. April 1, 2010)).
[40] *Id.* at pp. 11-12.
[41] R. Doc. 8, p. 2.
[42] *Id.*
[43] *Id.* at p. 3.
[44] *Id.* at pp. 2-3.
[45] *Id.* at p. 4 (citing No. CIV.A. 08-1100, 2008 WL 2622997 (E.D. La. July 2, 2008)).
[46] *Id.* at p. 5.

6

extent the Court finds that Plaintiff's complaint contains defects, she should be granted leave to amend her complaint pursuant to Federal Rule of Civil Procedure 15.[47]

In reply, Agent Alliance first argues that, because Plaintiff is not specifically listed as a named insured under the policy, she cannot argue that the contract implies she is a named insured.[48] Second, Agent Alliance argues that the allegations in Plaintiff's complaint do not mention Citizens Bank, the true insured party under the policy, or the existence of a mortgage on the property.[49] Agent Alliance argues that an *incidental* benefit to a borrower under an insurance policy is not the same as an *intentional* benefit to a third party under the policy.[50] Agent Alliance argues that, under a lender-placed insurance policy, "payment to the borrower is uncertain and nothing more than an incident of the contract between the mortgage company and the insurance company," which is insufficient to satisfy the third-party beneficiary analysis under Louisiana law.[51] Therefore, Agent Alliance argues that Plaintiff's claims must be dismissed under Rule 12(b)(6).

First, the Court must determine whether it may appropriately consider the insurance policy because it falls outside of the four-corners of Plaintiff's complaint. Agent Alliance attaches the contract to its motion to dismiss.[52] The policy number on the attached-Policy matches the policy number alleged in the Plaintiff's complaint.[53] The United States Court of Appeals for the Fifth Circuit has instructed, "when considering a Rule 12(b)(6) motion, a court may consider documents outside the complaint when they

---

[47] *Id.* at p. 6.
[48] R. Doc. 9, p. 1.
[49] *Id.* at p. 2.
[50] *Id.*
[51] *Id.* at pp. 2-3.
[52] *See* R. Doc. 6-3.
[53] *See* R. Doc. 1-1, p. 1; *see* R. Doc. 6-3, p. 1.

7

are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims."[54] The Court finds it is permissible to consider the insurance policy because it is attached to Agent Alliance's motion,[55] referenced in the Plaintiff's complaint,[56] and it is central to her claims.[57]

For a plaintiff to have standing to enforce an insurance policy, a plaintiff must either be (1) a named insured; (2) an additional named insured; or (3) an intended third-party beneficiary of the policy.[58] "It is a well-accepted principle in Louisiana jurisprudence that, absent a contrary statutory provision, actions ex contractu cannot be maintained against a party by an individual who is not party thereto."[59] Otherwise, Louisiana Civil Code Article 1978 provides that "[a] contracting party may stipulate a benefit for a third person called a third[-]party beneficiary."[60] "Under Louisiana law, a third-party beneficiary must be created by contract, known as a stipulation *pour autri*, and is never presumed."[61] To establish a stipulation *pour autri*, a party must demonstrate that: "(1) the stipulation for a third party is manifestly clear; (2) there is certainty as to the benefit provided by the third party; and (3) the benefit is not a mere incident of the contract between the promisor and promisee."[62] "A court looks to the language of the

---

[54] *Maloney Gaming Mgmt. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011).
[55] R. Doc. 6-3.
[56] R. Doc. 1-1, p. 1.
[57] *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (finding consideration of insurance contracts unattached to the complaint permissible when they were attached to the motions to dismiss, referred to in the complaint, and central to plaintiffs' claims).
[58] *See Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary*, 939 So. 2d 1206, 1211 (La. 2006),
[59] *Randall v. Lloyd's Underwriter's at London*, 602 So. 2d 790, 791 (La. Ct. App. 1992).
[60] LA. C. C. ART. 1978.
[61] *Johnson v. Am. Sec. Ins. Co.*, 2023 WL 143325, at *3 (E.D. La. Jan. 1, 2023) (Vitter, J.).
[62] *Id.* (internal quotations omitted); *Williams v. Certain Underwriters At Lloyd's of London*, 398 F. App'x 44, 47 (5th Cir. 2010) (citing *Joseph*, 939 So. 2d at 1211).

policy, itself, to determine whether a plaintiff is either a named insured, additional insured, or third-party beneficiary."[63]

### I. Plaintiff is not a named insured or additional named insurance under the Agent Alliance policy.

In her petition, Plaintiff alleges that Agent Alliance "issued a policy of insurance for which this suit is based to the Plaintiff insuring her property . . . ."[64] In opposition to the motion to dismiss, Plaintiff argues that she "is identified as the borrower / mortgag[o]r on the Agent Alliance policy" and "the language of the Agent Alliance policy demonstrates in several places that the Plaintiff . . . as the borrower / mortgag[o]r, is intended to be insured under the policy . . . ."[65] Plaintiff argues that the policy "implies that it provides coverage to her."[66] Plaintiff argues that the language of the policy references "your [the insured's] and the mortgagor's interest in the property covered," which demonstrates that "Agent Alliance acknowledges that it is liable not only for the mortgage company's interest in the property, but also the mortgagor's interest [in] making [Plaintiff] an insured under the policy."[67] Plaintiff further argues that the policy does not state that only a named insured or additional insured may file suit.[68]

The policy clearly provides that the "Named Insured Mortgagee" to the policy is "Citizens Savings Bank."[69] The "Definitions" page is entitled as a "Blanket Mortgage Security Policy Insuring Agreement," and it states that "'You' and 'Yours' refer to the financial institution shown in item 1. Of the Policy Declarations as the Named Insured

---

[63] *Gary v. Am. Sec. Ins. Co.*, No. 2:21-CV-00706, 2021 WL 2143061, at *2 (W.D. La. May 26, 2021) (citing *Graphia v. Balbao Ins. Co.*, 517 F.Supp.2d 854, 856 (E.D. La. Sept. 28, 2007)).
[64] R. Doc. 1-1, p. 1.
[65] R. Doc. 8, p. 2.
[66] *Id.*
[67] *Id.*
[68] *Id.* at p. 3.
[69] R. Doc. 6-3, p. 4.

9

Mortgagee."[70] Nowhere in the contract is Plaintiff listed as a named insured or additional insured. Further, Plaintiff fails to allege facts in her complaint to demonstrate she is an additional insured under the policy.[71] Because Plaintiff is not named as an insured or additional named insured to the Agent Alliance policy, Plaintiff has failed to state a claim to recover as an insured party or additional named insured.[72]

## II. Plaintiff is granted leave to amend her complaint to more specifically allege facts demonstrating that she is an intended third-party beneficiary to the insurance policy.

In her complaint, Plaintiff fails to allege that she is an intended third-party beneficiary under the contract.[73] Plaintiff argues in her opposition only that the following contractual provisions demonstrate that Plaintiff, as mortgagor, may maintain suit as a third-party beneficiary under the contract:

> Loss, if any, shall be made payable to you as your interest appears. You hereby direct that any benefits payable in excess of your interest shall be paid to the mortgagor.[74]

> Loss Payment. We will adjust any loss with you and the mortgagor. We will pay you to the extent of your interest in the property. You hereby direct that any benefits due which are in excess of your interest in the property be paid to the mortgagor.[75]

Plaintiff argues that the language of these provisions is similar to the policy language at issue in *Lee v. Safeco Insurance Co.*, in which the district court held that the

---

[70] *Id.* at p. 5; *see id.* at p. 7.
[71] Plaintiff's complaint appears to only allege a theory of recovery based on her status as a homeowner, and she alleges the insurance policy provides coverage to her property. *See generally* R. Doc. 1-1.
[72] *See Moton v. Underwriters at Lloyd's London*, No. CV 22-3634, 2023 WL 5804365, at *2-3 (E.D. La. Sept. 7, 2023) (holding that (1) Plaintiff was not a named insured under the policy, and (2) Plaintiff failed to allege facts to support a finding that she is an additional named insured under the policy).
[73] R. Doc. 1-1.
[74] R. Doc. 6-3, p. 6.
[75] *Id.* at p. 11.

Plaintiff was an intended third-party beneficiary to the insurance contract, and therefore, was entitled to maintain a suit against the insurer.[76] In *Lee*, the policy stated:

> We will provide the Insurance described in this policy in return for the premium and compliance by you and the "borrower" with all applicable provisions of this policy.
>
> We will adjust all losses with you. We will pay you but in no event more than the amount of your interest in the "insured location." Amounts payable in excess of your interest will be paid to the "borrower" unless some other person is named by the "borrower" to receive payment.[77]

In *Lee*, the court analyzed the three factors under Louisiana law to determine whether the insurance policy was clearly intended to benefit the third-party mortgagor: 1) whether "the stipulation for a third party is manifestly clear," 2) whether "there is certainty as to the benefit provided to the third party," and 3) whether "the benefit is not a mere incident of the contract between the promisor and the promise."[78] First, the court determined that the "Loss Payment provision manifests a clear intent to benefit the borrower."[79] Second, though the court recognized that "it has not yet been established whether [this] condition [that the loss payment exceeded the insured's interest in the property] is indeed satisfied under the facts of this case," the court construed the factual allegations in the light most favorable to the plaintiff.[80] The court reasoned that, because the plaintiff alleged that Hurricanes Katrina and Rita severely damaged the relevant property, the court would assume the loss payment "could conceivable exceed [the insured's] interest in the property," and "[t]he benefit to the 'borrower' [was] sufficiently certain."[81] Third, the court determined that the benefit to the third party was expressly

---

[76] No. CIV.A. 08-1100, 2008 WL 2622997, at *6 (E.D. La. July 2, 2008).
[77] *Id.* at *4.
[78] *Id.* at *3 (citing *Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary*, 939 So.2d 1206, 1212 (La. 2006)).
[79] *Id.* at *4.
[80] *Id.*
[81] *Id.*

contained in the language of the policy, demonstrating that the benefit was "not a mere incident of the contract."[82] As a result, the court denied the motion to dismiss.[83]

In *Williams v. Certain Underwriters at Lloyd's of London*, the Fifth Circuit clarified the difference between a "clearly envisioned" benefit to the borrower under a lender-placed policy, such as the provision in *Lee* which "specified any excess payment would be given to [the mortgagor] herself," versus language that merely states that "benefits . . . will be made . . . for the account of the owner."[84] The Fifth Circuit explained that a "lender-placed" policy "insures the lender's collateral when the borrower fails to maintain a specific type of insurance . . . [and] allows the lender to protect its exposure on a property up to the amount of the mortgage on the date of issuance."[85] The court recognized that unlike "a provision like the one in *Lee* that specified any excess payment would be given to the borrower," language which contemplates the *potential* for an additional benefit to go to the mortgagers "falls well below the requisite finding of a 'manifestly clear stipulation' to create a stipulation pour autrui."[86]

Since the *Lee* and *Williams* decisions, several courts within the Eastern District of Louisiana have declined to hold that a mortgagor automatically qualifies as a third-party beneficiary to an insurance contract when the language of the insurance policy does not stipulate a clear benefit to the plaintiff.[87] These courts have reasoned that, in the context

---

[82] *Id.* at *5.
[83] *Id.* at *6.
[84] 398 F. App'x 44, 48-49 (5th Cir. 2010) (unpublished).
[85] *Id.* at 45.
[86] *Id.* at 49.
[87] *Williams v. Integon Nat'l Ins. Co.*, No. CV 23-5977, 2024 WL 2784836, at *4 n.42 (E.D. La. May 30, 2024) ("*See Dail v. Integon Nat'l Ins. Co.*, CV 23-6660, 2024 WL 363322, at *3 (E.D. La. Jan. 31, 2024) (Africk, J.) ("Therefore, any benefit conferred on plaintiffs by the policy was incidental to the mortgagee's coverage."); *Bedi v. Integon Nat'l Ins. Co.*, CV 23-3178, 2023 WL 8622146, at *1 (E.D. La. Dec. 13, 2023) (Vance, J.); *Gisclair v. Great Am. Assurance Co.*, CV 22-3556, 2023 WL 1765922, at *6 (E.D. La. Feb. 3, 2023) (Morgan, J.) ("It is well-settled that, under these circumstances, mortgagors are not third-party beneficiaries of insurance policies their mortgagees place on their properties."); *Riley v. Sw. Bus. Corp.*,

of lender-placed insurance policies, provisions stipulating that a Plaintiff *may* obtain a benefit *if* the loss is in excess of the mortgagee's interest in the property "are merely incidental to the force-placed insurance policy and thus not sufficient to establish a stipulation pour autrui."[88] For example, in *Dail v. Integon National Insurance Company*, the court held that a policy provision stating that a plaintiff "*may be entitled*, as a simple loss payee only, to receive payment for any residual amount due for the loss" was insufficient to create a stipulation *pour autri*.[89] The court reasoned that the policy carried "no certainty as to any benefit to plaintiff[] pursuant to the policy."[90] By nature of a lender-placed policy, "no relationship exist[s] between [p]laintiff[] and the [d]efendant insurer[] . . . . the property was only insured because [p]laintiff[] mortgage holder[] obtained coverage when [p]laintiff[] could not provide them with sufficient proof of coverage."[91]

However, other courts within the Eastern District have held that if policy language clearly intends to benefit the mortgagor, such as the language in *Lee*, "the key focus is on whether the loss amount actually exceeds the mortgagee's insurable interest and whether, under the policy, any loss amount exceeding that interest is to be paid to the borrower."[92] At the motion to dismiss stage, when a court finds that the language in the insurance policy clearly stipulates a benefit to the mortgagor, the next step is to assess whether

---

CIV.A. 06-4884, 2008 WL 4286631, at *3 (E.D. La. Sept. 17, 2008) (Vance, J.); *In re Katrina Canal Breaches Consol. Litig.*, 2010 WL 11541602, at *7-8; *Harrison v. Safeco Ins. Co. of Am.*, CIV.A. 06-4664, 2007 WL 1244268, at *4-5 (E.D. La. Jan. 26, 2007) (Barbier, J.)").
[88] *Id.*
[89] *Dail*, 2024 WL 363322, at *2 (emphasis added).
[90] *Id.* at *3.
[91] *Harrison*, 2007 WL 1244268, at *5.
[92] *Williams*, 2024 WL 2784836, at *4.

"[t]he benefit to plaintiffs is triggered when the loss payment exceeds the mortgager's interest in the property."[93]

In *Brown v. American Modern Home Insurance Co.*, the court analyzed a force-placed insurance policy provision that is similar to the relevant provision in this case:

> We will adjust any loss with you and the mortgagor. We will pay you to the extent of your interest in the property. You hereby direct that any benefits due which are in excess of your interest in the property be paid to the mortgagor.[94]

First, the court noted that the plaintiffs alleged in their complaint that they were third-party beneficiaries under this policy.[95] Second, because the case was at the motion to dismiss stage, the court held that

> [w]ithout allegations demonstrating that the condition requiring [defendant] to pay plaintiffs was triggered, i.e. that the amount of the loss exceeds the mortgage balance, plaintiffs' complaint does not sufficiently allege that there was a stipulation pour autrui, and plaintiffs have not stated a claim against [defendant] for breaching the insurance contract.[96]

As a result, the court granted plaintiffs leave "to allege specific facts demonstrating that the amount of the insurance claim against [defendant] exceeded plaintiffs' current mortgage balance."[97] In line with this reasoning, courts have held that when a plaintiff's complaint contains allegations of the alleged damages in addition to the amount due

---

[93] *Brown v. Am. Mod. Home Ins. Co.*, No. CV 16-16289, 2017 WL 2290268, at *5 (E.D. La. May 25, 2017).
[94] *Id.*
[95] *Id.* The court also discussed *D'Juve v. Am. Modern Home Ins. Co.*, 2015 WL 1650259 (E.D. La. April 14, 2015), a case at the summary judgment stage that had "nearly identical [policy] language." In that case, the court recognized that "the policy stipulate[d] a manifestly clear intent to provide [plaintiff] any benefits in excess of [the mortgagee's] interest in [her] property." In evaluating the motion for summary judgment based on evidence of the amount due under the mortgage and the total amount of damage to the property, the court "granted the motion for summary judgment finding that plaintiff was not a third-party beneficiary of the American Modern policy with respect to her claimed losses because there was no excess over the mortgagee's interest." *Id.* at *5.
[96] *Id.*
[97] *Id. See also Gary v. Am. Sec. Ins. Co.*, 21-706, 2021 WL 2143061, at *3, 6 (W.D. La. May 26, 2021) (Cain, J.); *Tardo v. Integon Nat'l Ins. Co.*, CV 23-296, 2023 WL 2757088, at *3 (E.D. La. Apr. 3, 2023); *Dehart v. Integon Nat'l Ins. Co.*, CV 23-1351, 2023 WL 4846839, at *3 (E.D. La. July 28, 2023) (both granting plaintiff leave to amend the complaint to more sufficiently allege claims as third-party beneficiaries and to allege facts that their losses exceeded the insured's interest in the property, as contemplated by the contract).

under the mortgage, a court may grant a motion to dismiss when it is clear the amount due under the mortgage exceeds the amount of loss the Plaintiff has pleaded.[98]

The Court is persuaded that the policy language in the Agent Alliance contract is nearly identical to the language in *Lee* and *Brown* because it states in sufficiently clear and certain language that "any benefits payable in excess of your interest *shall be paid to the mortgagor.*"[99] As described by the Fifth Circuit in *Williams*, this policy language "clearly envisioned a benefit to" Plaintiff, which is "payment of any amount in excess of [Agent Alliance's] interest in the property."[100] The Court is cognizant that, at the motion to dismiss stage, it must construe all allegations in the complaint in the light most favorable to the Plaintiff.[101] However, Plaintiff has failed to allege facts in her complaint to demonstrate that she both 1) asserts a claim as a third-party beneficiary to the insurance policy[102] and 2) demonstrates that the amount of loss of the insurance claim against Agent Alliance exceeds the value of Plaintiff's current mortgage.[103] As a result, the Court will grant Plaintiff leave to amend her complaint to more specifically allege facts in support of her claim against Agent Alliance as a third-party beneficiary.

---

[98] *See Farber v. Deutsche Bank Nat'l Tr. Co.*, No. CV 20-279, 2020 WL 5820076, at *3 (E.D. La. Sept. 30, 2020) (granting the motion to dismiss when plaintiff's complaint stated that the amount due under the mortgage was $530,000.00, and the storm damages only totaled $100,000) ("Because the amount purportedly due under the mortgage exceeds the amount of loss that Plaintiff has pleaded, no stipulation *pour autri* exists, and Plaintiff is not a third-party beneficiary of the insurance policy.").
[99] R. Doc. 6-3, p. 6.
[100] 398 F. App'x 44, 49 (5th Cir. 2010).
[101] *See Lee v. Safeco Ins. Co. of Am.*, No. CIV.A. 08-1100, 2008 WL 2622997, at *5 (E.D. La. July 2, 2008).
[102] The plaintiffs in *Brown* alleged that they were third-party beneficiaries to the insurance policy. *Brown v. Am. Mod. Home Ins. Co.*, No. CV 16-16289, 2017 WL 2290268, at *5 (E.D. La. May 25, 2017).
[103] *Id.* Plaintiff originally attached adjustor estimates to her original petition, which claimed damages at $97,188.51. *See* R. Doc. 1-2, p. 28. It is unclear from Plaintiff's complaint the present balance of Plaintiff's mortgage.

15

Finally, because Plaintiff has not sufficiently alleged facts in support of her breach of contract claim, Plaintiff presently cannot maintain her bad faith claim.[104] If Plaintiff amends her complaint as directed herein, the Court will be better equipped to assess whether Plaintiff sufficiently alleges her bad faith claim.

Accordingly;

## CONCLUSION

**IT IS ORDERED** that Plaintiff is granted leave to amend her complaint **on or before December 6, 2024**, to more specifically allege facts in support of her claim as specified herein. If Plaintiff does not timely file her amended complaint, Agent Alliance's motion to dismiss[105] will be granted.

**New Orleans, Louisiana, this 8th day of November, 2024.**

                                                   *[signature: Susie Morgan]*
                                                   **SUSIE MORGAN**
                                      **UNITED STATES DISTRICT JUDGE**

---

[104] *Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 526 (5th Cir. 2010) ("[A] plaintiff attempting to base her theory of recovery against an insurer on [Louisiana's bad faith statutes] must first have a valid, underlying, substantive claim upon which insurance coverage is based.") (quotation and citation omitted).
[105] R. Doc. 6.